UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ORLANDO JAMES,

        Plaintiff,                 FILE NO. 2:07-CV-235

v.                                    HON. ROBERT HOLMES BELL

UNKNOWN JONDREAU et al.,

        Defendants.
                                     /

## **OPINION**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendants collectively filed two motions for summary judgment (docket ##24, 50). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant Defendants' motions and enter judgment for Defendants (docket #58). The matter presently is before the Court on Plaintiff's objections to the R&R (docket #64). For the reasons that follow, Plaintiff's objections are granted in part and denied in part and the R&R is adopted in part and rejected in part.

### I.

This Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

On a motion for summary judgment, a court must consider all pleadings, depositions,

affidavits and admissions and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court, however, "'need not accept as true legal conclusions or unwarranted factual inferences.'" *Michigan Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 533 (6th Cir. 2002) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). The party moving for summary judgment has the burden of pointing the court to the absence of evidence in support of some essential element of the opponent's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). Once the moving party has made such a showing, the burden is on the nonmoving party to demonstrate the existence of a genuine issue for trial. *Id.* Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Community Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005).

In order to prove that a triable issue exists, the nonmoving party must do more than rely upon allegations, but must come forward with specific facts in support of his or her claim. *Celotex*, 477 U.S. at 322; *Mulhall v. Ashcroft*, 287 F.3d 543, 550 (6th Cir. 2002). A party opposing a motion for summary judgment "may not merely recite the incantation, 'credibility,' and have a trial in the hope that a jury may believe factually uncontested proof." *Fogery v. MGM Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). After reviewing

the whole record, the court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co., Inc.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).  "'[D]iscredited testimony is not [normally] considered a sufficient basis'" for defeating the motion.  *Anderson*, 477 U.S. at 256-57 (quoting *Bose Corp. v. Consumers Union of United States, Inc.*, 466 U.S. 485, 512 (1984)).  In addition, where the factual context makes a party's claim implausible, that party must come forward with more persuasive evidence demonstrating a genuine issue for trial.  *Celotex*, 477 U.S. at 323-24; *Matsushita*, 475 U.S. at 586-87; *Street*, 886 F.2d at 1480.  "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Daniels v. Woodside*, 396 F.3d 730, 734 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252).

## II.

In his amended complaint, Plaintiff alleged that he was subjected to excessive force and physical abuse on April 26, 2007, when he allegedly was assaulted by Defendants Vertanen, Lampela, Marti, Kertu and Curtis, who were under the supervision of Defendants Jondreau and LeClaire.  Defendants moved for summary judgment, contending that there exists no genuine issue of material fact that Defendants merely exercised that limited amount of force made necessary when Plaintiff refused a direct order to hand over his soap dish and

face towel. According to Defendants, the face towel was found to contain contraband.

Plaintiff alleged that Defendants violated the Eighth Amendment by using excessive force. He also vaguely alleged that, following the incident, Defendants subjected him to retaliation. The Magistrate Judge concluded that Plaintiff failed to demonstrate the existence of a genuine issue of material fact on the excessive-force claim or, in the alternative, that Defendants were entitled to qualified immunity on that claim. The Magistrate Judge also recommended that Defendants' motions for summary judgment be granted on the retaliation claim. Plaintiff has filed objections to the R&R.

In his objections, Plaintiff does not dispute that he disobeyed a direct order to hand over his towel for inspection. He denies, however, that he possessed contraband, and he argues that he was not convicted on the misconduct charge. Plaintiff suggests that he was within his rights to disobey the order because, before complying, he had requested a video recording be made of the incident. Plaintiff has submitted an affidavit (Pl. Aff., Ex. B to Pl's Br. in Opp. to Sum. J., docket #48-2 at 10-12), in which he avers that he did not physically resist Defendants, but that Defendants Vertanen, Lampela, Marti and Kertu repeatedly hit, kicked and choked him and kneed him in the back and abdomen. While on the floor and being choked, Plaintiff heard Defendant Curtis say, "[N]ext time you'll give up the face-towel won't you." (Pl. Aff., docket #48-2 at 11.) Plaintiff also supplies the affidavits of several prisoner witnesses who viewed or heard parts of the incident. Those witnesses averred that Plaintiff repeatedly yelled, asking the officers to quit hitting him, choking him, and twisting

his wrists. Some of the witnesses also saw Plaintiff's wrist being twisted as he was returned to his cell in handcuffs. ( Ex. C through F to Pl's Br. in Opp. to Sum. J., docket #48-2 at 13-20.)

A claim involving allegations that custodial officers used excessive force must be made in the context of the constant admonitions by the Supreme Court regarding the deference that courts must accord to prison or jail officials as they attempt to maintain order and discipline within dangerous institutional settings. *See, e.g.*, *Whitley v. Albers*, 475 U.S. 312 321-22 (1986). Generally, restrictions and even harsh conditions of confinement are not necessarily cruel and unusual punishment prohibited by the Eighth Amendment. *Rhodes*, 452 U.S. 347. The Supreme Court has held that "whenever guards use force to keep order," the standards enunciated in *Whitley*, 475 U.S. 312, should be applied. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Under *Whitley*, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. In determining whether the use of force is wanton and unnecessary, the court should evaluate the need for the application of force, the relationship between that need and the amount of force used, the threat "reasonably perceived by the responsible officials," and any efforts made to temper the severity of the forceful response. *Id.* (citing *Whitley*, 475 U.S. at 321); *accord McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990). Physical restraints are constitutionally permissible where there is penological justification for their use. *Rhodes*, 452 U.S. at 346.

The evidence presented by Plaintiff, if believed, could support a reasonable factfinder's conclusion that the amount of force used by Defendants Vertanen, Lampela, Marti, Kertu and Curtis exceeded the amount necessary to address the threat reasonably perceived by Defendants. A factfinder also reasonably could conclude that the force used by Defendants was applied, not to maintain order, but maliciously or sadistically to punish Plaintiff. As a result, Defendants Vertanen, Lampela, Marti, Kertu and Curtis are not entitled to summary judgment on Plaintiff's excessive-force claim.

In contrast, Plaintiff's allegations that Defendants Jondreau and LeClaire are liable because of their supervisory authority over these officers, will not withstand summary judgment. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Plaintiff has not alleged or shown evidence of active unconstitutional behavior by Jondreau and LeClaire with respect to the April 26, 2007 incident.

Moreover, Defendants Vertanen, Lampela, Marti, Kertu and Curtis are not entitled to qualified immunity on the claim of excessive force.  Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  An "objective reasonableness" test is used to determine whether the official reasonably could have believed his conduct was lawful.  *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

The procedure for evaluating claims of qualified immunity has three steps:  First, the court must determine whether a constitutional violation occurred.  Second, the court must determine whether the right that was violated was a clearly established right of which a reasonable person would have known.  Third, the Court must determine whether the plaintiff has alleged sufficient facts, and supported the allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights.  *Williams v. Mehra*, 186 F.3d 685, 690 (6th Cir. 1999).

As previously discussed, the law regarding the use of excessive force was clearly established by the Supreme Court long before the incident in question.  For the same reasons the Court concludes that Plaintiff has demonstrated a genuine issue of material fact

governing the claim, it also concludes that Defendants Vertanen, Lampela, Marti, Kertu and Curtis are not entitled to qualified immunity.

Plaintiff also broadly alleged that he was subjected to retaliation by Defendants following the incident. The Magistrate Judge concluded that he failed to demonstrate a genuine issue of material fact concerning the claim.

In his affidavit, Plaintiff avers that he was not given his meal tray and was denied a law library request on the date of the incident, April 26, 2007. (Pl. Aff., docket #48-2 at 12.) Plaintiff supplies no further specific averments concerning the allegedly retaliatory conduct, though he attaches numerous grievances in which he complains of matters ranging from being improperly charged for a medical co-payment to being unfairly placed in administrative segregation. None of the attached grievances is evidence sufficient to support a retaliation claim on a motion for summary judgment, as none contain sworn statements and most are entirely unrelated to Plaintiff's averments about the retaliatory conduct.

Retaliation based upon a prisoners exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, a plaintiff must be able to prove that the exercise of the protected right was

a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff's affidavit is wholly insufficient to create a genuine issue of material fact concerning retaliation. First, he does not allege that he was engaged in protected conduct. While an issue of fact exists whether Defendant officers used excessive force in getting Plaintiff to comply with the order, no question exists that the conduct to which Defendants were responding – disobedience of a direct order – was not protected speech under the First Amendment. Conduct that violates prison regulation is not protected. *See Lockett v. Suardini*, 526 F.3d 866, 874 (6th Cir. 2008) (prisoner's act of calling the hearing officer a "foul and corrupt bitch" was not protected conduct because such behavior fell within the definition of "insolence" under the MDOC Policy Directive governing prisoner misconduct.). Further, the acts of denying one meal tray and denying access to the law library on one occasion are not sufficiently adverse to deter a reasonable person from engaging in protected conduct. *See Thaddeus-X*, 175 F.3d at 394. The Court therefore denies Plaintiff's objection regarding retaliation and adopts the R&R on this issue, as clarified here.

Finally, Plaintiff has failed completely to make or support allegations against Defendants Morin, Tribley, Sackett and Borgen. Those Defendants therefore are entitled to summary judgment.

### III.

Having considered each of Plaintiff's objections, the Court hereby grants in part and denies in part Plaintiff's objections and adopts in part and rejects in part the Report and Recommendation of the Magistrate Judge as the opinion of the Court. Accordingly, the Court will grant in part the motion for summary judgment filed by Defendants Morin, Jondreau, Vertanen, Lampela, Marti, Kertu, Curtis and LeClaire and will grant in full the motion for summary judgment filed by Defendants Tribley, Sackett, and Borgen. The Court will enter judgment for Defendants Jondreau, LeClaire, Morin, Tribley, Sackett and Borgen. The excessive force claim against Defendants Vertanen, Lampela, Marti, Kertu and Curtis will be allowed to proceed. An order and partial judgment consistent with this opinion shall be entered.


Dated: June 23, 2009                          /s/ Robert Holmes Bell
                                              ROBERT HOLMES BELL
                                              UNITED STATES DISTRICT JUDGE